**TRAN QUI THAN, Plaintiff-Appellant,**

**v.**

**Donald T. REGAN, Secretary of the Treasury, Defendant-Appellee.**

**No. 83–2297.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 1984.

Decided Aug. 15, 1984.

Mattaniah Eytan, Kaplan, Russin, Vecchi, Eytan & Collins, San Francisco, Cal., for plaintiff-appellant.

---

Joseph P. Russoniello, William T. McGivern, Jr., San Francisco, Cal., Al J. Daniel, Jr., Robert Damus, Kathryn Ferger, Dept. of Justice, Washington, D.C., for defendant-appellee.

Before PHILLIPS,[*] Senior Circuit Judge, and ALARCON and CANBY, Circuit Judges.

PHILLIPS, Senior Circuit Judge:

This is the second appeal to this Court involving the action of the Secretary of the Treasury in blocking funds belonging to the Dong Phuong Bank, a private corporation established under the laws of the Republic of Vietnam. The blocking of funds by the Secretary was done by authority of the Trading with the Enemy Act, 50 U.S.C. App. § 1 *et seq.*, and the Foreign Assets Control Regulations, 31 C.F.R. § 500.101 *et seq.* (1980).

Before the fall of the Republic of Vietnam in 1976, the bank was owned by twenty shareholders, all of whom were nationals and residents of Vietnam. Tran Qui Than, plaintiff-appellant in the present case, and in the earlier litigation before this Court, was a shareholder, director and president of the bank. He escaped from South Vietnam and now is a resident of the United States.

## I

In *Tran Qui Than v. Regan*, 658 F.2d 1296 (9th Cir.1981), *cert. denied* 459 U.S. 1069, 103 S.Ct. 487, 74 L.Ed.2d 630 (1982), this Court upheld the decision of the Secretary of the Treasury denying Than's application for a license to unblock Army funds claimed by the bank, affirming the decision of the district court, *Tran Qui Than v. Blumenthal*, 469 F.Supp. 1202 (N.D.Calif. 1979). Reference is made to the reported decisions of this Court and the district court for a detailed recitation of pertinent facts.

## II

The Secretary of the Treasury determined that the Dong Phuong Bank is a "designated national" under the Foreign Assets Control Regulations and that there may be no transfers of American-based assets in which the Bank has an interest without an unblocking license. He denied plaintiff's application for such a license with respect to a contract payment for $221,235 due from the United States Army to a Vietnamese corporation, because the Bank, "a designated national", was assignee of the contract.

The Secretary further determined that plaintiff had received $29,975.44 of a similar Navy contract payment in which the Bank had an interest as assignee; that payment had been made to another Vietnamese contractor but should also have been blocked under the Regulations because of the interest of the Bank. This payment was made after plaintiff executed a release for the Navy on behalf of the Bank.

Plaintiff retained $5,145.53 as his share of this Navy money and also retained $5,798.78 for "administrative expenses" incurred by him. Plaintiff states that he distributed the balance of the Navy funds among other shareholders of the Bank. The Secretary demanded that plaintiff place all the Navy funds he had received from this payment into a blocked account.

In our opinion reported in 658 F.2d 1296, *supra*, this Court remanded to the district court the question of whether the Navy funds must be placed in a blocked account, and, if so, in what amount; that is, whether the blocking should apply only to the share of the Navy funds retained by plaintiff, or whether the funds distributed by plaintiff to other shareholders of the Bank also must be paid into the blocked account.

---

[*] The Honorable Harry Phillips, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

## III

■ District Judge William W. Schwarzer, in an unreported opinion filed July 13, 1983, held that all the Navy funds, including both the amounts withheld by plaintiff and the amounts distributed by him to other shareholders of the Bank, were subject to blocking by the Secretary.

■ We agree with the opinion of Judge Schwarzer, including the following language:

Plaintiff filed this action on June 23, 1977. In his amended complaint, plaintiff specifically refers both to the Army contracts and to the Navy contracts under which payments had been made. (Am.Comp. pp. 6–7) He complains of the Treasury's demand that he place the funds received from the Navy or from Tuan in a blocked account, (*Id.* pp. 7–8) and seeks relief against that demand. (*Id.* p. 16)

It thus appears that plaintiff was on notice prior to the time he received the payments that a license might be required. Although the Navy was silent on this matter, the Army's letters, which addressed the same kind of payments and interests, specifically advised plaintiff of the need for a license issued by the Treasury. That plaintiff considered the Army and Navy payments to be legally related is shown by his statement in the Treasury application that while the Army was requiring a license, the Navy was not.

Within a few months of plaintiff's receipt of the funds, and as soon as the matter had been brought to its attention by plaintiff's application, the Treasury informed plaintiff that the Navy funds were blocked and would have to be placed into blocked accounts. And again within a few months, plaintiff filed this action asking specifically to be relieved of that requirement.

There is no question that the Treasury acted diligently.

.    .    .    .    .

The fact that one agency of the government—the Navy—mistakenly made a payment without complying with regulations another agency—the Treasury—is charged with enforcing, would not estop the latter from enforcing them in the absence of extraordinary circumstances. No such circumstances existed here; on the contrary, plaintiff had an indication from the Army that a license might be required before he received the Navy funds, and he received definite information about it from the Treasury shortly thereafter. There are no equities here that would justify permitting plaintiff to circumvent clearly applicable regulations, regardless of whether plaintiff retained the funds or chose to pay them to others. The government has now moved for summary judgment, asking the Court to "declare that plaintiff is required pursuant to the Trading with the Enemy Act and the Foreign Asset Control Regulations to place the $29,975.44 that he received on payment of money into a blocked account." That is the intent and the necessary effect of this Court's prior judgment. *Tran Qui Than,* 469 F.Supp. at 1212.

.    .    .    .    .

Also without merit is the argument that the payment from Tuan to plaintiff is not subject to blocking. The blocking regulations apply to all dealings in assets in which a designated national such as the Bank has any interest. 31 C.F.R. § 500.-201(b). Those regulations were violated when plaintiff released the Bank's interest in the Navy funds without obtaining an unblocking license. Under the Trading with the Enemy Act, the executive has authority not only to prevent unlawful transfers but to nullify and void any transfer of property in which a designated national has an interest. 50 U.S.C. App. § 5(b)(1).

Judge Schwarzer also was clearly correct in holding that the doctrine of estoppel is not applicable against the Secretary of the Treasury under the facts of this case. *Heckler v. Community Health Services,*

—— U.S. ——, 104 S.Ct. 2218, 81 L.Ed.2d 42 (May 21, 1984); *Lavin v. Marsh*, 644 F.2d 1378, 1382 (9th Cir.1981).

Affirmed.